## CRIMINAL COURT OF BALTIMORE CITY.

Filed March 5, 1926.

STATE
VS.
COLEMAN.

*Assistant State's Attorney Hilary W. Gans* for State of Maryland.

*Richard H. Stevenson* for defendant.

O'DUNNE, J.—

This case is not devoid of many unique features. Without any attempt · to review the evidence in detail, it will

suffice to say, that on the theory of the State, the deceased was killed at a card game when the defendant pulled a pistol and demanded that certain participants in the game produce on the table and surrender to him what money they had in their pockets. The deceased failing to do so, was shot and killed by defendant.

The defendant claimed that in addition to their drinking considerably, he had complained about loaded dice being used in the game, and had them in his pocket and threatened to take them out with him and to call the police. He claimed deceased told him if he went out there with those dice, some one would "carry him out," and that deceased jumped at him with a knife, cut his overcoat some six inches just above the heart, another long cut in his jumper, and a third cut in his clothes elsewhere. The dice were not produced. Defendant claimed they were taken from him at station house. On being arrested he admitted to officers he shot deceased, said it was about some money, made no mention of any attack, nor the use of any knife on him, nor did he exhibit any cuts in his coat or jumper or make any mention of them.

Mr. Hilary Gans closed for the State in one of those irresistable pleas of cold logic so characteristic of his distinguished father in my early days in this Court. He told the jury that the defense of self-defense was either true or false. If true, the verdict should be "not guilty," and if they believed the defense, to find a verdict of not guilty. If the defense was not true, the cuts in the coat were later made, for purpose of defense, and the testimony of State witnesses should be believed. The State asked for a verdict of guilty of murder in the first degree—without capital punishment, or for a verdict of not guilty.

The jury after due deliberation, brought in a verdict of murder in the *second degree*. The jury thereby indicate that they believe neither the State's witnesses in their entirety, nor those of the defense to any great degree. There had been testimony as to the parties drinking a half pint of whiskey—what kind, or of what age, was not indicated, nor its effects specifically testified to, except as indicated by the general conversation and wrangling of the parties in the card game.

Under the verdict of the jury, the Court cannot accept as a whole either the testimony of the State's witnesses, nor those of the defense. The common sense and broad experience of the jury, may be a more accurate guide in interpreting the heart and nature of the colored man, than the cold logic of the highly trained legal minds of the learned counsel. As the jury's verdict is *midway* between the two contentions of State and defense, the sentence is also about midway between the maximum and the minimum of the discretion vested in the Court by statute.

The sentence is ten years in Maryland penitentiary.